**JOSEPH J. WISEMAN, ESQ., CSBN 107403**
**WISEMAN LAW GROUP, P.C.**
   **1477 Drew Avenue, Suite 106**
   **Davis, California 95618**
   **Telephone:   530.759.0700**
   **Facsimile:   530.759.0800**

**Attorney for Defendant**
**KORY SCHMIDLI**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR S 12 0329 WBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | STIPULATION AND ~~PROPOSED~~ ORDER TO CONTINUE STATUS |
| ) | |
| ) | |
| KORY SCHMIDLI, ) | |
| ) | |
| Defendant. ) | |

     IT IS HEREBY STIPULATED by the parties, The UNITED STATES OF AMERICA, through undersigned counsel, Lee S. Bickley, Assistant United States Attorney, and, Joseph J. Wiseman, Esq., attorney for defendant KORY SCHMIDLI, that the status conference presently set for October 22, 2012 be continued to December 17, 2012, at 9:30 a.m.

     Further, the parties stipulate that:

     a.    This case, by order of the Court, was related to three other cases: Cr. S-12-327, Cr. S-12-328, and Cr. S-12-330. In total, the cases have nine defendants and concern allegations of mortgage fraud associated with at least nineteen properties.

     b.    The discovery associated with this case includes approximately 1.6 gigabytes of investigative reports and related documents in PDF format totaling more

than 15,000 pages. This discovery has been either produced directly to counsel and/or made available for inspection and copying. Given the amount of discovery, the number of defendants, and the nature of the charges, counsel for the defendant and the plaintiff believe this case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii) [Local Code T2].

      c.      Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolution, and to prepare pretrial motions.

      d.      Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e.      The government does not object to the continuance.

Therefore, counsel for the parties stipulate and agree that the interests of justice served by granting this continuance outweigh the best interests of the defendants and the public in a speedy trial. 18 U.S.C. 3161(h)(7)(A) (continuity of counsel/ reasonable time for effective preparation) and Local Code T4, and agree to exclude time from the date of the filing of the order until the date of the status conference, December 17, 2012.

**IT IS SO STIPULATED.**

Dated: October 19, 2012                By: /s/ Joseph J. Wiseman
                                          JOSEPH J. WISEMAN
                                          Attorney for Defendant
                                          Kory Schmidli

Dated: October 19, 2012                Benjamin B. Wagner
                                          United States Attorney

                                          By: /s/ Lee S. Bickley
                                          LEE S. BICKLEY
                                          Assistant U.S. Attorney

# ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.

In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial and finds this case is complex under 18 U.S.C. § 3161(h)(7)(B)(ii) [Local Code T2].

The Court orders that the time from the date of the parties' stipulation, October 19, 2012, to and including December 17, 2012, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T4 (reasonable time for defense counsel to prepare) and orders this case complex under 18 U.S.C. § 3161(h)(7)(B)(ii) [Local Code T2].

It is further ordered that the October 22, 2012, status conference shall be continued until December 17, 2012, at 9:30 a.m.

**IT IS SO ORDERED.**

Dated: October 22, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE