1 | MARK S. AXUP (SBN 112876)
**LAW OFFICES OF MARK S. AXUP**
2 | Attorneys at Law
1012 19th Street
3 | Sacramento, California 95811

4 | Telephone No.  (916) 442-4224

5 | Attorney for Defendant Kory Schmidli

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>v.<br>KORY  SCHMIDLI,<br>        Defendant. | CASE NO. **CRS-12-329-WBS**<br><br>**STIPULATION AND ORDER**<br><br>Date: February 25, 2013<br>Time: 9:00 a.m.<br>Hon. William B. Shubb |

**STIPULATION**

　　Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

　　1.　By previous order, this matter was set for status conference on February 25, 2013.

　　2.　By this stipulation, defendant now moves to continue the status conference until May 6, 2013 at 9:30 a.m.,  and to exclude time between February 25, 2013, and May 6, 2013, under Local Code T4.  Plaintiff does not oppose this request.

　　3.　The parties agree and stipulate, and request that the Court find the following:

1

  a.  The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form in excess of 3,000 pages of documents. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

  b.  Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial, if necessary. In addition, the parties are actively seeking resolution of this matter.

  c.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d.  The government does not object to the continuance.

  e.  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 25, 2013 to May 6, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), and Local Code T4, because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

2

**IT IS SO STIPULATED**.

DATED: February 19, 2013        /s/ Mark S. Axup for
                                                MARK AXUP, ESQ.
                                                Attny. for Kory Schmidli

DATED: February 19, 2013        BENJAMIN WAGNER
                                                United States Attorney
                                                By: /s/ Mark S. Axup for
                                                Lee Bickley
                                                Assistant U.S. Attorney

## ORDER

**IT IS SO FOUND AND ORDERED this 21st day of February, 2013.**

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3